UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICIA COLEMAN, | ) |
| | ) |
| Plaintiff. | ) |
| v. | ) CAUSE NO: 3:20-CV-387 |
| | ) |
| FRANCISCAN ALLIANCE INC., d/b/a | ) |
| FRANCISCAN HEALTH MICHIGAN | ) |
| CITY | ) |
| Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. Nature of the Case.

The Plaintiff, Patricia Coleman ("Coleman" and/or "Plaintiff"), brings this action against her former employer, Franciscan Alliance, Inc., d/b/a Franciscan Health Michigan City ("Defendant"), pursuant to the Americans with Disabilities Amendments Act ("ADAAA"), as amended, 42 U.S.C. § 12101 *et set.*, and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq.*

### II. Parties.

1. Coleman, at all times relevant to this action, resided and/or worked within the geographical boundaries of the Northern District of Indiana, South Bend Division.

2. Defendant is a domestic nonprofit corporation which maintains offices and conducts business within the Northern District of Indiana, South Bend Division.

### III. Jurisdiction and Venue.

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

4.     Coleman was an "employee" within the meaning of 42 U.S.C. § 12111(5) and 29 U.S.C. § 630(f).

5.     Coleman satisfied her obligation to exhaust her administrative remedies and having timely filed charges (Charge Nos. 470-2020-00720 and 470-2020-01500) with the United States Equal Employment Opportunity Commission ("EEOC") and receiving her Notice of Suit Rights, brings this original action within ninety (90) days of her receipt thereof.

6.     Subject matter jurisdiction is conferred on this Court by 42 U.S.C. § 12117 and 29 U.S.C. § 626(c).

7.     Coleman has a "disability" under 42 U.S.C. § 12102(1)(A)(B)(C).  At all times relevant to this action, Coleman was a "qualified individual" as that term is defined by 42 U.S.C. § 12111(8).

8.     All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana, South Bend Division.  Thus, venue is proper in this Court.

## IV.  Factual Allegations

9.     Coleman commenced her employment with Defendant in or around 2009.  Beginning in June of 2011, Coleman moved into the position of registered nurse.  Coleman is an individual over the age of forty (40).

10.    Throughout her employment, Coleman continuously met the legitimate and reasonable expectations associated with her nursing position.  By way of example and not limitation, Coleman received positive performance evaluations and had an exemplary record of providing the highest level of medical care.

11.    Coleman suffers from severe osteoarthritis lumbar spine, moderate degenerative

disc disease, chronic back pain, rheumatoid arthritis, lumbago with sciatic, hypertension, edema in lower extremities, migraines, and skin cancer.

12. Coleman's disabilities substantially limit the major bodily functions of, among others, her immune system, normal cell growth, her circulatory system, and neurological system. Coleman's disabilities substantially limit the major life activities of, among others, caring for herself, performing manual tasks, walking, lifting, bending, reading, concentrating, and thinking.

13. In spite of her disabilities, at all relevant times Coleman could perform the essential functions of her job with or without reasonable accommodations.

14. Due to Coleman's disabilities, she is legally prescribed pain medications. Coleman's pain medications do not interfere with Coleman's ability to perform the essential functions of her position, with or without reasonable accommodations.

15. At all relevant times, Defendant erroneously regarded Coleman as a drug abuser/drug addict, when in fact Coleman is not a drug abuser or addict.

16. In 2018, Defendant disciplined Coleman for allegedly having a large accumulation of missed wastes. Defendant ordered Coleman to take a drug test. Defendant's management, including Lori Dudeck (HR Director), Sarah Jones (Director of Nursing) and Ann Mejer (Manager), held a meeting with Coleman.

17. During this meeting, Defendant questioned Coleman about whether she had a drug problem, and that if she had a drug problem to tell them because if they test Coleman there would be nothing they could do for her.

18. Coleman, at all times relevant, made it clear that she did not have a drug problem, but rather she had been prescribed medications by her treating physician to treat her disabilities.

19. Defendant then suspended Coleman without pay.

20. Subsequently, Defendant returned Coleman to work when Defendant's investigation discovered that Coleman had not, in fact, failed to waste certain medications, but instead the pharmacy manager had failed to run the report correctly.

21. Defendant, in particular Lori Dudeck and Trish Weber (Chief Nursing Officer) informed Coleman that any and all discipline regarding the incident would be stricken from her personnel records, and that the drug test would be revoked.

22. On or about August 28, 2019, Defendant suspended Coleman and required Coleman to undergo yet another drug screen, this time allegedly due to a patient claiming that she did not receive three (3) doses of her prescribed medication.

23. Once again, Coleman took another drug test. Coleman tested negative, except for medications lawfully prescribed by her treating physician.

24. However, instead of returning Coleman to work, Defendant suspended Coleman, without pay, on an indefinite basis until Coleman completed two (2) conditions. Defendant required Coleman to obtain an evaluation from, and complete any recovery monitoring agreement, by the Indiana Professional Recovery Program ("IPRP") before being able to return to work. Defendant also required Coleman to enter into an Employee Assistance Program ("EAP") before returning to work.

25. IPRP employs a total abstinence-based program, meaning individuals such as Coleman are not permitted to use any pain medications, regardless of whether such medications are medically necessary due to a disability, and regardless of whether such individual is a qualified individual with a disability under the ADAAA.

26. Coleman's disabilities, and corresponding medications, prevent her from being in a total abstinence based program.

27. Defendant's action of requiring Coleman to enter into IPRP and EAP, despite knowing that Coleman does not have a drug addiction problem, is discriminatory and in violation of the ADAAA.

28. Since entering into IPRP, Coleman has had two (2) treating physicians conclude that she does not have a drug abuse/addiction problem, yet Defendant has refused to allow Coleman to return to work.

29. Despite promises to rescind the previous discipline from October 2018, Defendant used said discipline against Coleman in an attempt to justify her suspension.

30. Defendant was well aware that Coleman had more surgical patients than similarly situated nurses on her floor, which naturally increased the amount of medications that she was required to provide and/or waste.

31. Defendant has provided more favorable treatment to non-disabled, non-regarded as disabled, and/or substantially younger nurses with regard to the terms and conditions of their employment.

32. But for her disabilities and corresponding necessary medical treatment, Coleman would have been able to comply with IPRP's recommendations/monitoring agreement, and would still be employed today.

33. If Defendant would not have regarded Coleman as a drug abuser/addict, then Defendant would not have forced Coleman into the IPRP and EAP program, resulting in her unpaid suspension.

34. On November 25, 2019, Coleman filed a Charge of Discrimination (Charge Number #470-2020-00720) against Defendant pursuant to both the ADAAA and ADEA and provided a courtesy copy of said Charge to Defendant.

35. Coleman's charge of discrimination constitutes protected activity under the ADAAA and ADEA.

36. During her suspension, Defendant informed Coleman that it would assist her in getting her back to work and/or placing her in a new position. However, since Coleman's suspension and her engagement in protected activity, Defendant has refused to place Coleman into any position of employment, in spite of Coleman taking steps (i.e. telephone calls, applications, etc…) to return to work for numerous positions for which she is qualified.

37. Coleman applied for multiple positions that she was qualified and able to perform. These positions included, but were not limited to: Case Manager, ICU Nurse, Home Health Nurse, ER Nurse, and 4E Nurse. Defendant failed to hire and/or place Coleman into any of these positions because of her disabilities, regarded-as disabilities, protected activity, age, and/or because of being forced to enroll in IPRP.

38. Contrary to providing assistance to Coleman to return to work, Defendant informed Coleman that it was her responsibility to find a new position with Defendant before the end of the year 2019, or she will be terminated.

39. Defendant provided an arbitrary deadline. Defendant failed to extend this deadline to permit Coleman enough time to gradually wean off her prescribed medications, per her health providers plan and recommendation.

40. Coleman did not find and secure a new position by the end of 2019.

41. On December 31, 2019, Defendant terminated Coleman's employment.

42. Defendant has exposed itself to liability under the Americans with Disabilities Act, as amended 42 U.S.C. 12101 *et seq*., for disability discrimination (both disparate treatment and disparate impact), failure to make reasonable accommodations, interference, failure to

engage in the interactive process, and retaliation.

43. Defendant's reliance upon a total-abstinence program (IPRP) as a condition of re-employment has a disparate impact on employees with disabilities and those erroneously regarded as drug abusers/addicts.

44. Furthermore, Defendant has also violated the ADEA. Coleman has been discriminated against due to her age with regard to the terms and conditions of employment.

45. Coleman is in a protected class under the ADEA. Coleman was one of the oldest registered nurses in her department. The decision-maker(s) behind Coleman's adverse employment actions are substantially younger than Coleman.

46. Similarly situated younger nurses have engaged in comparable, even worse behavior than Coleman, yet received less if any discipline.

47. Defendant has held positions open for substantially younger and/or non-disabled employees, and/or for those employees who have not engaged in statutorily protected activity. These nurses include, but are not limited to, Pam Lopez and Tricia Dolph.

48. Said acts by Defendant violate Coleman's rights under the ADAAA and ADEA.

49. Coleman has been injured by Defendant's unlawful acts. Defendant's actions have been intentional, willful, and taken in reckless disregard for Coleman's rights.

50. Coleman has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

### V.  Legal Causes of Action

### COUNT I.  ADAAA DISCRIMINATION

51. Plaintiff hereby incorporates paragraphs one (1) through fifty (50) of her Complaint herein.

52. Defendant suspended Coleman without pay, and terminated Coleman's employment based on her disability, record of disability, and/or its unlawful perception (regarded as) of her being disabled.

53. Defendant's reliance upon IPRP, and in particular its total abstinence based program, constitutes a *per se* violation of the ADAAA. Qualified individuals with a disability, such as Coleman, in the IPRP monitoring agreement are forced to either not treat their disabilities (take pain medications prescribed by provider), or treat their disabilities, fail the monitoring agreement, and be terminated from their job.

54. As a result of said discriminatory actions, Coleman suffered lost wages, lost working hours, and was subjected to humiliation, loss of esteem, and emotional distress.

55. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Coleman's rights as protected by the ADAAA, as amended.

## COUNT II.  ADAAA RETALIATION

56. Plaintiff hereby incorporates paragraphs one (1) through fifty-five (55) of her Complaint herein.

57. Defendant terminated Coleman in retaliation for her protected activity under the ADAAA.

58. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Coleman's ADAAA rights.

## COUNT  III.   ADAAA FAILURE TO ACCOMMODATE

59. Plaintiff hereby incorporates paragraphs one (1) through fifty-eight (58) of her Complaint herein.

60. Coleman requested the reasonable accommodations of being allowed to return to

work, as well as an extension of any arbitrary deadline to find a new position to return to work so that she could wean off her pain medications in the timely manner set forth by her medical provider.

61. Defendant denied Coleman's requests for reasonable accommodations.

62. Coleman's proposed accommodations would not have created an undue burden or expense upon Defendant.

63. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Coleman's ADAAA rights.

## COUNT IV.  ADAAA FAILURE TO INTERACT

64. Plaintiff hereby incorporates paragraphs one (1) through sixty-three (63) of her Complaint herein.

65. Defendant failed to engage in the interactive process with Coleman to explore any legitimate potential reasonable accommodations.  If Defendant would have engaged in the interactive process, it would have permitted Coleman to return to work or at least extended the time for Coleman to secure a new position with Defendant.

66.  Defendant's actions were intentional, willful, and in reckless disregard of Coleman's rights as protected by the ADAAA.

## COUNT V.  ADAAA DISPARATE IMPACT

67. Plaintiff hereby incorporates paragraphs one (1) through sixty-six (66) of her Complaint herein.

68. Defendant has a policy and/or practice of referring suspected drug abusers/addicts to IPRP, and thereafter requiring the employee to complete IPRP monitoring before returning the employee to work.  This is done in spite of the employee not being an illegal drug user or a drug

addict/abuser, meaning the employee is in a protected class under the ADAAA.

69. IPRP's total abstinence based program constitutes a per se violation of the ADAAA for employees in the program who are qualified individuals with disabilities on pain medications lawfully prescribed by their providers.

70. Defendant's reliance upon a total-abstinence program (IPRP) as a condition of re-employment has a disparate impact on employees with disabilities and those erroneously regarded as drug abusers/addicts.

71. Defendant's actions were intentional, willful, and in reckless disregard of Coleman's rights as protected by the ADAAA.

## COUNT VI. AGE DISCRIMINATION

72. Coleman hereby incorporates paragraphs one (1) through seventy (71) of her Complaint, as if the same were set forth at length herein.

73. Defendant has discriminated against Coleman because of her age in that similarly situated, substantially younger individuals were allowed better terms, conditions, and privileges in employment.

74. Defendant suspended and terminated Coleman because of her age.

75. Defendant's actions were willful, intentional, and done with reckless disregard of Coleman's rights in violation of the ADEA.

76. Defendant knew or showed reckless disregard that its conduct in terminating Coleman was prohibited by the ADEA.

77. Coleman has suffered damages as a result of Defendant's unlawful conduct.

## COUNT VII. AGE RETALIATION

78. Coleman hereby incorporates paragraphs one (1) through seventy-seven (77) of

her Complaint, as if the same were set forth at length herein.

79. Coleman engaged in protected activity by filing a Charge of Discrimination against Defendant alleging age discrimination.

80. Defendant terminated Coleman in retaliation for her protected activity.

81. Defendant's actions were intentional, willful, and in reckless disregard for Coleman's rights.

## VI.  Requested Relief

WHEREFORE, Plaintiff, Patricia Coleman, by counsel, requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Coleman to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment action(s), or award her front pay in lieu thereof;

2. Pay to Plaintiff all of her lost wages and benefits;

3. Pay to Plaintiff liquidated damages;

4. Pay to Plaintiff compensatory damages;

5. Pay to Plaintiff punitive damages;

6. Pay to Plaintiff pre - and post-judgment interest on all sums recoverable;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,


 s/ Ryan C. Fox
Ryan C. Fox


Ryan C. Fox

FOX WILLIAMS & SINK, LLC
6177 North College Avenue
Indianapolis, Indiana 46220

rfox@fwslegal.com


Phone: 317-254-8500
Facsimile:  317-226-9311

Attorney for Plaintiff, Patricia Coleman

## DEMAND FOR JURY TRIAL

The Plaintiff, Patricia Coleman, by counsel, respectfully requests a jury trial as to all issues deemed so triable.


 s/ Ryan C. Fox
Ryan C. Fox