UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICIA COLEMAN, | ) |
| | ) |
| Plaintiff. | ) |
| | ) CAUSE NO: 3:20-CV-387-DRL-MGG |
| | ) |
| FRANCISCAN ALLIANCE INC., d/b/a | ) |
| FRANCISCAN HEALTH MICHIGAN | ) |
| CITY, | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ANSWER TO COMPLAINT

Defendant Franciscan Alliance, Inc, d/b/a Franciscan Health Michigan City ("Defendant"), by counsel, for its Answer and response to Plaintiff Patricia Coleman's *Complaint and Demand for Jury Trial* [ECF No. 1], states the following:

### I. Nature of the Case.

The Plaintiff, Patricia Coleman ("Coleman" and/or "Plaintiff"), brings this action against her former employer, Franciscan Alliance, Inc., d/b/a Franciscan Health Michigan City ("Defendant"), pursuant to the Americans with Disabilities Amendments Act ("ADAAA"), as amended, 42 U.S.C. § 12101 *et set.* [sic], and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq.*

**ANSWER:** No answer is required to this introductory paragraph, but to the extent one is, Defendant admits that the action is brought pursuant to the ADAAA, and the ADEA, and denies the remainder of the allegations in the above "Nature of the Case".

### II. Parties.

1. Coleman, at all times relevant to this action, resided and/or worked within the

geographical boundaries of the Northern District of Indiana, South Bend Division.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, denies all allegations.

2.  Defendant is a domestic nonprofit corporation which maintains offices and conducts business within the Northern District of Indiana, South Bend Division.

**ANSWER:** Defendant admits the allegations in Paragraph 2 of the Complaint.

### III.  Jurisdiction.

3.  Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

**ANSWER:** Defendant admits the allegations in Paragraph 3 of the Complaint.

4.  Coleman was an "employee" within the meaning of 42 U.S.C. § 12111(5) and 29 U.S.C. § 630(f).

**ANSWER:** Defendant admits that Coleman was an "employee" within the meaning of 29 U.S.C. § 630(f) but denies that she was an "employee" under 42 U.S.C. §12111(5), as such section defines "employer" not "employee".

5.  Coleman satisfied her obligation to exhaust her administrative remedies and having timely filed charges (Charge Nos. 470-2020-00720 and 470-2020-01500) with the United States Equal Employment Opportunity Commission ("EEOC") and receiving her Notice of Suit Rights, brings this original action within ninety (90) days of her receipt thereof.

**ANSWER:** Defendant admits the allegations in Paragraph 5 of the Complaint.

6.  Subject matter jurisdiction is conferred on this Court by 42 U.S.C. § 12117 and 29 U.S.C. § 626(c).

**ANSWER:** Defendant admits that the listed statutes confer subject matter jurisdiction but denies that Plaintiff is entitled to any relief thereunder.

7. Coleman has a "disability" under 42 U.S.C. § 12102(1)(A)(B)(C). At all times relevant to this action, Coleman was a "qualified individual" as that term is defined by 42 U.S.C. § 12111(8).

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint and, therefore, denies all allegations.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana, South Bend Division. Thus, venue is proper in this Court.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 8 of the Complaint and, therefore, denies all allegations.

### IV. Factual Allegations

9. Coleman commenced her employment with Defendant in or around 2009. Beginning in June of 2011, Coleman moved into the position of registered nurse. Coleman is an individual over the age of forty (40).

**ANSWER:** Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Throughout her employment, Coleman continuously met the legitimate and reasonable expectations associated with her nursing position. By way of example and not limitation, Coleman received positive performance evaluations and had an exemplary record of providing the highest level of medical care.

**ANSWER:** Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Coleman suffers from severe osteoarthritis lumbar spine, moderate degenerative disc disease, chronic back pain, rheumatoid arthritis, lumbago with sciatic, hypertension, edema in lower extremities, migraines, and skin cancer.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in

Paragraph 11 of the Complaint and, therefore, denies all allegations.

12. Coleman's disabilities substantially limit the major bodily functions of, among others, her immune system, normal cell growth, her circulatory system, and neurological system. Coleman's disabilities substantially limit the major life activities of, among others, caring for herself, performing manual tasks, walking, lifting, bending, reading, concentrating, and thinking.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 12 of the Complaint and, therefore, denies all allegations.

13. In spite of her disabilities, at all relevant times Coleman could perform the essential functions of her job with or without reasonable accommodations.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint and, therefore, denies all allegations.

14. Due to Coleman's disabilities, she is legally prescribed pain medications. Coleman's pain medications do not interfere with Coleman's ability to perform the essential functions of her position, with or without reasonable accommodations.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 14 of the Complaint and, therefore, denies all allegations.

15. At all relevant times, Defendant erroneously regarded Coleman as a drug abuser/drug addict, when in fact Coleman is not a drug abuser or addict.

**ANSWER:** Defendant denies the allegations in Paragraph 15 of the Complaint.

16. In 2018, Defendant disciplined Coleman for allegedly having a large accumulation of missed wastes. Defendant ordered Coleman to take a drug test. Defendant's management, including Lori Dudeck (HR Director), Sarah Jones (Director of Nursing) and Ann Mejer (Manager), held a meeting with Coleman.

**ANSWER:** Defendant admits that a meeting was held with Coleman in October 2018 due to high usage and missing medication doses and that Franciscan initially requested that Coleman submit to a urine drug screen, the results of which were later canceled. Defendant denies the remaining allegations contained in Paragraph 16.

17. During this meeting, Defendant questioned Coleman about whether she had a drug problem, and that if she had a drug problem to tell them because if they test Coleman there would be nothing they could do for her.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Coleman, at all times relevant, made it clear that she did not have a drug problem, but rather she had been prescribed medications by her treating physician to treat her disabilities.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant then suspended Coleman without pay.

**ANSWER:** Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Subsequently, Defendant returned Coleman to work when Defendant's investigation discovered that Coleman had not, in fact, failed to waste certain medications, but instead the pharmacy manager had failed to run the report correctly.

**ANSWER:** Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant, in particular Lori Dudeck and Trish Weber (Chief Nursing Officer) informed Coleman that any and all discipline regarding the incident would be stricken from her personnel records, and that the drug test would be revoked.

**ANSWER:** Defendant admits that it informed Coleman that the drug test was cancelled and would not become a part of her record and that she would receive no discipline as a result of the issues, but Defendant denies the remaining allegations and characterizations contained in

Paragraph 21 of the Complaint.

22. On or about August 28, 2019, Defendant suspended Coleman and required Coleman to undergo yet another drug screen, this time allegedly due to a patient claiming that she did not receive three (3) doses of her prescribed medication.

**ANSWER:** Defendant admits that Plaintiff was suspended and required to undergo a drug screen on August 28, 2019 but denies the remaining allegations in Paragraph 24 of the Complaint.

23. Once again, Coleman took another drug test. Coleman tested negative, except for medications lawfully prescribed by her treating physician.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint and, therefore, denies all allegations.

24. However, instead of returning Coleman to work, Defendant suspended Coleman, without pay, on an indefinite basis until Coleman completed two (2) conditions. Defendant required Coleman to obtain an evaluation from, and complete any recovery monitoring agreement, by the Indiana Professional Recovery Program ("IPRP") before being able to return to work. Defendant also required Coleman to enter into an Employee Assistance Program ("EAP") before returning to work.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of the Complaint.

25. IPRP employs a total abstinence-based program, meaning individuals such as Coleman are not permitted to use any pain medications, regardless of whether such medications are medically necessary due to a disability, and regardless of whether such individual is a qualified individual with a disability under the ADAAA.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 25 of the Complaint and, therefore, denies all allegations.

26. Coleman's disabilities, and corresponding medications, prevent her from being in a total abstinence based program.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 26 of the Complaint and, therefore, denies all allegations.

27. Defendant's action of requiring Coleman to enter into IPRP and EAP, despite knowing that Coleman does not have a drug addiction problem, is discriminatory and in violation of the ADAAA.

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Since entering into IPRP, Coleman has had two (2) treating physicians conclude that she does not have a drug abuse/addiction problem, yet Defendant has refused to allow Coleman to return to work.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 26 of the Complaint and, therefore, denies all allegations.

29. Despite promises to rescind the previous discipline from October 2018, Defendant used said discipline against Coleman in an attempt to justify her suspension.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant was well aware that Coleman had more surgical patients than similarly situated nurses on her floor, which naturally increased the amount of medications that she was required to provide and/or waste.

**ANSWER:** Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant has provided more favorable treatment to non-disabled, non-regarded as disabled, and/or substantially younger nurses with regard to the terms and conditions of their employment.

**ANSWER:** Defendant denies the allegations in Paragraph 31 of the Complaint.

32. But for her disabilities and corresponding necessary medical treatment, Coleman would have been able to comply with IPRP's recommendations/monitoring agreement, and would still be employed today.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of the Complaint.

33. If Defendant would not have regarded Coleman as a drug abuser/addict, then Defendant would not have forced Coleman into the IPRP and EAP program, resulting in her unpaid suspension.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of the Complaint.

34. On November 25, 2019, Coleman filed a Charge of Discrimination (Charge Number #470-2020-00720) against Defendant pursuant to both the ADAAA and ADEA and provided a courtesy copy of said Charge to Defendant.

**ANSWER:** Defendant admits the allegations in Paragraph 34 of the Complaint.

35. Coleman's charge of discrimination constitutes protected activity under the ADAAA and ADEA.

**ANSWER:** Defendant admits the allegations in Paragraph 35 of the Complaint.

36. During her suspension, Defendant informed Coleman that it would assist her in getting her back to work and/or placing her in a new position. However, since Coleman's suspension and her engagement in protected activity, Defendant has refused to place Coleman into any position of employment, in spite of Coleman taking steps (i.e. telephone calls , applications, etc…) to return to work for numerous positions for which she is qualified.

**ANSWER:** Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Coleman applied for multiple positions that she was qualified and able to perform.

These positions included, but were not limited to: Case Manager, ICU Nurse, Home Health Nurse, ER Nurse, and 4E Nurse. Defendant failed to hire and/or place Coleman into any of these positions because of her disabilities, regarded-as disabilities, protected activity, age, and/or because of being forced to enroll in IPRP.

**ANSWER:** Defendant admits that Coleman applied for multiple positions, but denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. Contrary to providing assistance to Coleman to return to work, Defendant informed Coleman that it was her responsibility to find a new position with Defendant before the end of the year 2019, or she will be terminated.

**ANSWER:** Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant provided an arbitrary deadline. Defendant failed to extend this deadline to permit Coleman enough time to gradually wean off her prescribed medications, per her health providers plan and recommendation.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Coleman did not find and secure a new position by the end of 2019.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 40 of the Complaint and, therefore, denies all allegations.

41. On December 31, 2019, Defendant terminated Coleman's employment.

**ANSWER:** Defendant admits the allegations in Paragraph 41 of the Complaint.

42. Defendant has exposed itself to liability under the Americans with Disabilities Act, as amended 42 U.S.C. 12101 *et seq.*, for disability discrimination (both disparate treatment and disparate impact), failure to make reasonable accommodations, interference, failure to engage in the interactive process, and retaliation.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant's reliance upon a total-abstinence program (IPRP) as a condition of reemployment has a disparate impact on employees with disabilities and those erroneously regarded as drug abusers/addicts.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Furthermore, Defendant has also violated the ADEA. Coleman has been discriminated against due to her age with regard to the terms and conditions of employment.

**ANSWER:** Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Coleman is in a protected class under the ADEA. Coleman was one of the oldest registered nurses in her department. The decision-maker(s) behind Coleman's adverse employment actions are substantially younger than Coleman.

**ANSWER:** Defendant admits that Coleman was the second oldest registered nurse in her department as of the termination of her employment and falls within a protected class under the ADEA. Defendant denies the remaining allegations in Paragraph 45 of the Complaint.

46. Similarly situated younger nurses have engaged in comparable, even worse behavior than Coleman, yet received less if any discipline.

**ANSWER:** Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant has held positions open for substantially younger and/or non-disabled employees, and/or for those employees who have not engaged in statutorily protected activity. These nurses include, but are not limited to, Pam Lopez and Tricia Dolph.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Said acts by Defendant violate Coleman's rights under the ADAAA and ADEA.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Coleman has been injured by Defendant's unlawful acts. Defendant's actions have been intentional, willful, and taken in reckless disregard for Coleman's rights.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Coleman has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

**ANSWER:** Defendant denies the allegations in paragraph 50 of the Complaint.

### V. Legal Causes of Action

### COUNT I. ADAAA DISCRIMINATION

51. Plaintiff hereby incorporates paragraphs one (1) through fifty (50) of her Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 50 of the Complaint, as if fully restated in their entirety.

52. Defendant suspended Coleman without pay, and terminated Coleman's employment based on her disability, record of disability, and/or its unlawful perception (regarded as) of her being disabled.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant's reliance upon IPRP, and in particular its total abstinence based program, constitutes a per se violation of the ADAAA. Qualified individuals with a disability, such as Coleman, in the IPRP monitoring agreement are forced to either not treat their disabilities (take pain medications prescribed by provider), or treat their disabilities, fail the monitoring agreement, and be terminated from their job.

**ANSWER:** Defendant denies the allegations in Paragraph 53 of the Complaint.

54. As a result of said discriminatory actions, Coleman suffered lost wages, lost

working hours, and was subjected to humiliation, loss of esteem, and emotional distress.

**ANSWER:** Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Coleman's rights as protected by the ADAAA, as amended.

**ANSWER:** Defendant denies the allegations in Paragraph 55 of the Complaint.

## COUNT II – ADAAA RETALIATION

56. Plaintiff hereby incorporates paragraphs one (1) through fifty-five (55) of her Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 55 of the Complaint, as if fully restated in their entirety.

57. Defendant terminated Coleman in retaliation for her protected activity under the ADAAA.

**ANSWER:** Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Coleman's ADAAA rights.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of the Complaint.

## COUNT III. ADAAA FAILURE TO ACCOMMODATE

59. Plaintiff hereby incorporates paragraphs one (1) through fifty-eight (58) of her Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 58 of the Complaint, as if fully restated in their entirety.

60. Coleman requested the reasonable accommodations of being allowed to return to work, as well as an extension of any arbitrary deadline to find a new position to return to work so

that she could wean off her pain medications in the timely manner set forth by her medical provider.

**ANSWER:** Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denied Coleman's requests for reasonable accommodations.

**ANSWER:** Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Coleman's proposed accommodations would not have created an undue burden or expense upon Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Coleman's ADAAA rights.

**ANSWER:** Defendant denies the allegations in Paragraph 63 of the Complaint.

## COUNT IV. ADAAA FAILURE TO INTERACT

64. Plaintiff hereby incorporates paragraphs one (1) through sixty-four (64) of her Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 64 of the Complaint, as if fully restated in their entirety.

65. Defendant failed to engage in the interactive process with Coleman to explore any legitimate potential reasonable accommodations. If Defendant would have engaged in the interactive process, it would have permitted Coleman to return to work or at least extended the time for Coleman to secure a new position with Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant's actions were intentional, willful, and in reckless disregard of Coleman's rights as protected by the ADAAA.

**ANSWER:** Defendant denies the allegations in Paragraph 66 of the Complaint.

## COUNT V. ADAAA DISPARATE IMPACT

67. Plaintiff hereby incorporates paragraphs one (1) through sixty-six (66) of her Complaint herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 66 of the Complaint, as if fully restated in their entirety.

68. Defendant has a policy and/or practice of referring suspected drug abusers/addicts to IPRP, and thereafter requiring the employee to complete IPRP monitoring before returning the employee to work. This is done in spite of the employee not being an illegal drug user or a drug addict/abuser, meaning the employee is in a protected class under the ADAAA.

**ANSWER:** Defendant denies the allegations in Paragraph 68 of the Complaint.

69. IPRP's total abstinence based program constitutes a per se violation of the ADAAA for employees in the program who are qualified individuals with disabilities on pain medications lawfully prescribed by their providers.

**ANSWER:** Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant's reliance upon a total-abstinence program (IPRP) as a condition of reemployment has a disparate impact on employees with disabilities and those erroneously regarded as drug abusers/addicts.

**ANSWER:** Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant's actions were intentional, willful, and in reckless disregard of Coleman's rights as protected by the ADAAA.

**ANSWER:** Defendant denies the allegations in Paragraph 71 of the Complaint.

## COUNT VI. AGE DISCRIMINATION

72. Coleman hereby incorporates paragraphs one (1) through seventy-one (71) of her Complaint, as if the same were set forth at length herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 71 of the Complaint, as if fully restated in their entirety.

73. Defendant has discriminated against Coleman because of her age in that similarly situated, substantially younger individuals were allowed better terms, conditions, and privileges in employment.

**ANSWER:** Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant suspended and terminated Coleman because of her age.

**ANSWER:** Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant's actions were willful, intentional, and done with reckless disregard of Coleman's rights in violation of the ADEA.

**ANSWER:** Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant knew or showed reckless disregard that its conduct in terminating Coleman was prohibited by the ADEA.

**ANSWER:** Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Coleman has suffered damages as a result of Defendant's unlawful conduct.

**ANSWER:** Defendant denies the allegations in Paragraph 77 of the Complaint.

## COUNT VI. AGE RETALIATION

78. Coleman hereby incorporates paragraphs one (1) through seventy-seven (77) of her Complaint, as if the same were set forth at length herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 77 of the Complaint, as if fully restated in their entirety.

79. Coleman engaged in protected activity by filing a Charge of Discrimination against Defendant alleging age discrimination.

**ANSWER:** Defendant admits the allegations in Paragraph 79 of the Complaint.

80. Defendant terminated Coleman in retaliation for her protected activity.

**ANSWER:** Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant's actions were intentional, willful, and in reckless disregard for Coleman's rights.

**ANSWER:** Defendant denies the allegations in Paragraph 81 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff is barred from recovery to the extent the claims alleged in the Complaint are broader than the allegations of the Charges of Discrimination that Plaintiff filed with the EEOC, and thus to the extent Plaintiff has failed to exhaust her administrative remedies.

3. Plaintiff is barred from recovery because any instances complained of by Plaintiff in her Complaint were not the result of discrimination or in retaliation for engaging in a protected activity. Defendant's actions towards Plaintiff were made without regard to any alleged disability, age, or need for a reasonable accommodation, and were not in retaliation for engaging in a protected activity.

4. Defendant has legitimate non-discriminatory and non-retaliatory reasons for all actions it took with respect to Plaintiff's employment.

5. Even if the trier of fact were to determine that discriminatory and/or retaliatory motives or reasons played any part in any employment decisions or actions regarding the Plaintiff,

which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory and non-retaliatory reasons.

6. Plaintiff's claims are barred to the extent that they are not ripe.

7. Plaintiff's claims are barred under the doctrine of estoppel and/or unclean hands.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

9. Plaintiff has failed to reasonably mitigate her damages, thus barring or reducing her recovery.

10. Defendant denies all allegations of the Complaint to which no response was given.

11. Defendant gives notice that it reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

**WHEREFORE**, Defendant Franciscan Alliance, Inc. prays that Plaintiff takes nothing by way of her Complaint, that judgment be entered in favor of Defendant and against Plaintiff, for its costs, and for all other relief proper in the premises.

Dated: July 8, 2020  By: Elizabeth M. Roberson, Atty. No. 34097-64
Amy J. Adolay, Atty. No. 23147-49
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6342
              (317) 238-6330
Facsimile: (317) 636-1507
Email: eroberson@kdlegal.com
           aadolay@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_10825942_3.docx